**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**JEFF SHOULDERS**
Law Offices of Steven K. Deig, LLC
Evansville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana

FILED
Nov 16 2012, 9:14 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

JERRY KAISER, JR.,                          )
                                            )
        Appellant-Defendant,                )
                                            )
            vs.                             )        No. 82A01-1203-CR-124
                                            )
STATE OF INDIANA,                           )
                                            )
        Appellee-Plaintiff.                 )

APPEAL FROM THE VANDERBURGH SUPERIOR COURT
The Honorable Robert J. Pigman, Judge
Cause No. 82D02-1107-FB-746

**November 16, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Jerry Kaiser appeals his convictions of Class B felony dealing methamphetamine[1] and Class D felony possession of methamphetamine.[2]  He argues his confession was involuntary and, thus, the trial court abused its discretion when it admitted evidence discovered as a result of the confession.  We affirm.

## FACTS AND PROCEDURAL HISTORY

On July 8, 2011, Officer Craig Pierce went to Kaiser's residence to investigate a report there was a methamphetamine lab on the premises.  Prior to his arrival at Kaiser's house, Officer Pierce discovered there were two outstanding arrest warrants for Kaiser.  Officer Pierce knocked on Kaiser's door. Kaiser answered the door and stepped outside to speak with Officer Pierce regarding the narcotics investigation.  Kaiser denied knowledge of such activity, and Officer Pierce called for backup.

Officer Pierce then escorted Kaiser to his police car and confirmed the outstanding warrants.  When Officer Eric Belford arrived, Officer Pierce handcuffed Kaiser and placed him under arrest based on the outstanding warrants.  Officer Pierce asked Kaiser for consent to search Kaiser's house, and Kaiser refused.  Officer Pierce indicated he was concerned for the safety of other residents, as there had recently been a methamphetamine lab explosion in the area.  Kaiser told the officers there was methamphetamine in the house, but he was unsure if there was an active lab.

---

[1] Ind. Code § 35-48-4-1.
[2] Ind. Code § 35-48-4-6.1.

Based on Kaiser's admission, Officer Pierce contacted Detective Heath Stewart of the Evansville/Vanderburgh County Drug Task Force. Detective Stewart questioned Kaiser and, based on that conversation and Kaiser's earlier admission to Officer Pierce, applied for a search warrant of Kaiser's home. The search warrant was approved, and officers found a bottle of Liquid Fire, a can of Coleman fuel, instant cold packs, lithium batteries, two-liter bottles, one twenty-ounce bottle, salt, coffee filters, an empty pseudoephedrine box and blister pack, and plastic tubing. Officers identified all of those as items commonly necessary for the manufacture of methamphetamine. The officers also found a brown substance that tested positive for methamphetamine.

The State charged Kaiser with Class B felony dealing in methamphetamine and Class D felony possession of methamphetamine. Kaiser filed a pre-trial motion to suppress the evidence obtained from the search of his residence, which the trial court denied. Kaiser renewed his objection to the admission of the evidence during his jury trial. The jury found Kaiser guilty on both counts. The court entered both convictions and sentenced Kaiser to fifteen years executed.

### DISCUSSION AND DECISION

Kaiser did not seek interlocutory review of the denial of his motion to suppress but instead appeals following trial. This issue is therefore "appropriately framed as whether the trial court abused its discretion by admitting the evidence at trial." *Lundquist v. State*, 834 N.E.2d 1061, 1067 (Ind. Ct. App. 2005). Our review of rulings on the admissibility of evidence is essentially the same whether the challenge is made by a pre-trial motion to

3

suppress or by trial objection. *Id*. We do not reweigh the evidence, and we consider conflicting evidence most favorable to the trial court's ruling. *Id*. However, we must also consider the uncontested evidence favorable to the defendant. *Id*.

> When a defendant challenges the admissibility of his confession,
>
> the State must prove beyond a reasonable doubt that the confession was given voluntarily. The voluntariness of a confession is determined from the "totality of the circumstances." In turn, the "totality of the circumstances" test focuses on the entire interrogation, not on any single act by police or condition of the suspect. We review the record for evidence of inducement by way of violence, threats, promises, or other improper influences.

*Washington v. State*, 808 N.E.2d 617, 622 (Ind. 2004) (citations and footnote omitted). Kaiser argues he was improperly influenced to give a confession because Officer Pierce was "pretty irate," (Tr. at 58), and threw trash at Kaiser's feet. Therefore, he asserts, the evidence gleaned from the search of his residence was inadmissible as fruit of the poisonous tree. We disagree.

Officer Pierce testified he arrested Kaiser and read him his *Miranda*[3] rights after Officer Belford arrived on the scene, and Kaiser indicated he understood his rights. Officer Pierce then asked Kaiser if there was a methamphetamine lab in Kaiser's house, and Kaiser told him "he had some methamphetamine in the house but he wasn't sure if there was an active lab or not." (*Id*. at 106.) When asked during the suppression hearing if he threw trash at Kaiser, Officer Pierce said he did not. After Kaiser admitted there was methamphetamine

---

[3] *Miranda v. Arizona*, 384 U.S. 436 (1966), *reh'g denied*.

4

in the house, Officer Pierce contacted Detective Stewart, who obtained a search warrant, searched the residence, and found the methamphetamine and many items necessary for its manufacture that were the basis for Kaiser's convictions.

Kaiser's argument is an invitation for us to reweigh the evidence, which we cannot do. *See Lundquist*, 834 N.E.2d at 1067. Therefore, we hold the trial court did not abuse its discretion when it admitted the evidence found in Kaiser's home. Accordingly, we affirm.

Affirmed.

KIRSCH, J., and NAJAM, J., concur.